ROBERT J. COSGROVE, ESQ.
rcosgrove@wcmlaw.com (E-mail)
Attorney ID # 204665
MATTHEW C. CARE, ESQ.
mcare@wcmlaw.com (E-mail)
Attorney ID # 322785
Wade Clark Mulcahy LLP
1515 Market Street, Suite 2050
Philadelphia, PA 19102
(267) 239-5526 (Phone)                             Attorneys for Defendant Link Electric &
Our File No.: 827.11470                            Safety Control Co.

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT
OF PENNSYVLANIA

| | |
|---|---|
| JEROME LONG, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CASE NO. |
| | : |
| LINK ELECTRIC & SAFETY CONTROL | : |
| CO., et al., | : |
| | : |
| Defendants | : |
| | : |

**NOTICE OF REMOVAL**

Defendant Link Electric & Safety Control Co. ("Link Electric & Safety") hereby removes this case in the Philadelphia Court of Common Pleas pursuant to 28 U.S.C. §§1332, 1441, and 1446 to the United States District Court for the Eastern District of Pennsylvania.

1.  On May 19th, 2022, Jerome Long ("Long") filed a complaint in the Philadelphia Court of Common Pleas, docket number: 220501892 ("State Court Action). Copies of all documents filed in the State Court Action, consisting of only the complaint, are attached hereto as **Exhibit A.**

2.  After filing, Long allegedly served the Complaint upon Link Electric on June 16, 2022. *See* **Exhibit A: Complaint and Affidavit of Service.**

3. This Notice of Removal is timely filed within the thirty (30) day period required for removal to Federal Court under 28 U.S.C. §1446(b).

4. For a civil action to be removable pursuant to 28 U.S.C. §1332(a) and §1441(b), complete diversity of citizenship must exist between the plaintiff and the defendants and the amount in controversy must be greater than $75,000.

5. This action is removable pursuant to 28 U.S.C. §1441(b) and §1332(a) because complete diversity of citizenship exists between the plaintiff and the non-fictitious and non-fraudulent defendants and the amount in controversy is greater than $75,000.

6. In the complaint, Long alleges he is an "adult individual and citizen of the Commonwealth of Pennsylvania, residing at the above-captioned address (115 Pond Street, Bristol, PA 19007). *See* **Exhibit A: ¶¶ 1.**

7. For the purposes of subject matter jurisdiction, Long's citizenship is Pennsylvania

8. In the Complaint, Long names six defendants: John Doe 1, John Doe 2, and John Doe 3, Link Electric & Safety Control Co., Mansfield Engineered Components ("Mansfield"), and Brenner Tool & Die, Inc. *See* **Exhibit A: Complete List of Defendants.**

9. When determining if a civil action is removable on the basis of diversity, the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C.S. § 1441(b)(1).

10. Therefore, for the purposes of subject matter jurisdiction, the citizenship of John Doe 1, John Doe 2, and John Doe 3 are disregarded, so, only Brenner, Long, Link, and Mansfield are required to be diverse.

11. Long alleges that Link Electric & Safety is a business entity "organized and existing under the laws of Tennessee" with its principal place of business in Nashville, Tennessee. *See* **Exhibit A: ¶ 2.**

12. For the purposes of subject matter jurisdiction, Link Electric & Safety's citizenship is Tennessee.

13. Long further alleges that Mansfield is a business entity "organize and existing under the laws of Ohio" with a registered agent in Mansfield, Ohio. *See* **Exhibit A: ¶ 5.**

14. For the purposes of subject matter jurisdiction, Mansfield's citizenship is Ohio.

15. So, for five of the defendants, complete diversity exists.

16. Long alleges that the final defendant, Brenner Tool & Die, Inc. ("Brenner"), "is a business entity organized and existing under the laws of Pennsylvania with a principal place of business at the above-captioned address". *See* **Exhibit A: ¶ 8.**

17. The captioned address is 921 Cedar Ave, Croyden, PA.

18. For the purposes of subject matter jurisdiction, Brenner's citizenship would be Pennsylvania.

19. On its face, it would appear that appropriate diversity does not exist as Brenner would not be diverse to Long.

20. However, Brenner was fraudulently joined as it is both not a real party in interest and declared bankruptcy in 2003 or 2004.

21. If a district court determines that a joinder was "fraudulent", the court can disregard for jurisdictional purposes, the citizenship of certain non-diverse defendants and retain jurisdiction. *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006).

22. A joinder is fraudulent if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006).

*The Allegations Against Brenner*

23. In the complaint, Long alleges that on October 13, 2021 at 913 Cedar Avenue, Croyden, PA, Long suffered an injury attempting to use a press to manufacture a part. *See* **Exhibit A: ¶¶ 18, 19, and 24.**

24. Long's claim against Brenner states that Brenner Tool & Die "owned, controlled, operated, supervised, inspected, maintained, and/or oversaw the machine shop located at 913 Cedar Avenue in Croyden as well as the manufacturing work performed in that location". *See* **Exhibit A: ¶¶ 18-19.**

25. No reasonable basis in fact supports the claim against Brenner that Brenner "owned, controlled, operated, supervised, inspected, maintained, and/or oversaw the machine shop", because Brenner simply does not exist when the accident occurred.

26. When determining if a joinder is fraudulent, the court doesn't just consider the allegations in the complaint, the court considers facts presented by defendant in its notice of removal as it is "reasonable and necessary" to do so. *In re Briscoe*, 448 F.3d 201, 220-23 (3d Cir. 2006); *see also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998).

27. In 2003, Brenner, formerly a precision machinery and metal manufacturing company, filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Eastern District of Pennsylvania, under the case number Bankruptcy No. 03-15070F. *See* **Exhibit B**, Brenner Tool & Die Initial Disclosure.

28. In the initial disclosure, Brenner claimed over $3,400,000 in just unsecured debt with the largest unsecured creditor being GE Power Systems. *See* **Exhibit B**.

29. Over the course of the bankruptcy, Brenner dispersed capital to creditors, having $1,214,355.17 total cash available in Q1 2005, then having $0.00 in cash available in Q3 2005. *See* **Exhibit C,** Brenner 2005 Quarterly Disclosure reports.

30. Throughout the case, Brenner also sold assets to generate capital, including some sold to B-Tec Solutions, Long's employer at the time of the accident who presently operates in precision machinery and metal manufacturing. *See* **Exhibit D**, Order Scheduling Hearing on Sale to B-Tec Solutions, INC.**[1]**

31. We note, by way of context, B-Tec Solutions, as the employer of plaintiff Long, is likely to be ineligible to be named as a defendant in litigation, outside the Workers' Compensation realm.

32. In December 2005, when disbursements were completed, Brenner closed the case. *See* **Exhibit E**, Final Decree.

33. In correspondence with the CFO of B-Tec Solutions, Blakely Cherry, Cherry stated that "Brenner Tool & Die went bankrupt and the primary lender being GE Capital took possession of all the assets of Brenner Tool & Die." *See* **Exhibit F**, correspondence with B-Tec CFO.

34. Cherry also said that GE Capital also then "backed the formation of B-Tec solutions, providing the assets (and debt) to start the business." *See* **Exhibit F.**

35. Long's employer, B-Tec Solutions, is located at 913 Cedar Avenue in Croyden. *See* **Exhibit F.**

---

[1] Other documents concerning the bankruptcy transaction between Brenner and B-Tec are restricted and hence inaccessible, but Docket #211 confirms that the sale occurred.

36. Long also alleges that Brenner's principal place of business is 921 Cedar Ave in Croyden.

37. Cherry further stated that, "When you say 913 Cedar Ave and 921 Cedar Ave, they are one and the same. It is one 161,000 square foot facility." *See* **Exhibit F.**

38. Cherry even admitted through implication that Brenner Tool & Die no longer exists, stating, "Back in Brenner Tool & Die, they did occupy the entire 161,000 square foot building". *See* **Exhibit F.**

39. This admission, along with Cherry's other statements and the bankruptcy documents, clearly proves that while at one point Brenner Tool & Die existed, over fifteen years ago, Brenner went bankrupt, disbursed its capital, and from the ashes rose B-Tec Solutions, funded by the same company, GE Capital, located in Brenner's former building, and operating in the same industry as B-Tec, precision machinery and metal manufacturing.

40. So, since Brenner no longer exists, Brenner logically cannot have "controlled, operated, supervised, inspected, maintained, and/or oversaw the machine shop".

41. In fact, Brenner ceased to be a "real party in interest" more than a decade prior to the accident.

42. Therefore, no reasonable basis in fact supports the claim against Brenner.

43. Moreover, there is no intention to seek a "joint judgment", as Brenner appears to be judgement proof and was not operating in the facility where the accident occurred for at least one decade prior to the injury.

44. Therefore, Brenner's joinder is fraudulent and its' citizenship is disregarded for the purpose of subject matter jurisdiction.

45. Due to Plaintiff's Pennsylvania citizenship, Link Electric and Safety's Tennessee citizenship, and Mansfield's Ohio citizenship, complete diversity exists.

46. In the complaint, Long seeks compensatory damages, delay damages, interest, and allowable costs of suit for the action that "catastrophically and permanently" injured him. *See* **Exhibit A: ¶¶ 37, 42, and 51.**

47. The plaintiff complains of serious injury, including but not limited to partial amputation and degloving. The amount in controversy therefore is in excess of the jurisdictional requirements.

48. For its part, as it will explain in detail in its answer, Link Electric & Safety denies that Long is entitled to the relief it seeks.

49. This Court has jurisdiction over this matter under 28 U.S.C. §1332 (a) as there is complete diversity between plaintiff Long, Mansfield, and Link and (b)more than $75,000, exclusive of interests and costs, is at stake.

50. The real defendants in interest, Link and Mansfield, consent to the removal. The fictitious entities' consent is not required – and the undersigned obviously cannot obtain consent from non-real parties. Brenner's consent has not been obtained as it is not a real party in interest.

51. This Notice of Removal has been filed in this venue because the U.S. District Court for the Eastern District of PA is the federal judicial district embracing the forum where the State Court Action was filed.

52. Copies of the Notice of Removal are being served upon counsel for plaintiffs and upon the U.S. District Court for the Eastern District of PA in accordance with 28 U.S.C. §1446 (d).

53. By filing this Notice of Removal, Link Electric & Safety does not waive any objection it may have to service, jurisdiction, venue, or any other defenses or objections it may have to this action.

54. Link Electric & Safety intends no admission of fact, law, or liability by this Notice of Removal, and expressly reserves any and all defenses, motions, or pleas.

55. Copies of the Notice of Removal are being served upon counsel for plaintiffs and upon the Philadelphia Court of Common Pleas pursuant to 28 U.S.C. §1446 (d).

WHEREFORE, Notice is given that the State Court Action is removed from Philadelphia Court of Common pleas to the United States District Court for the Eastern District of Philadelphia and/or any other such different and further relief the Court may deem just and proper.

Dated: Philadelphia, PA
July 18, 2022

WADE CLARK MULCAHY LLP

*/s/ Matthew C. Care*
_____
By: Matthew C. Care, Esq.