# EXHIBIT A



**S A L T Z**
**M O N G E L U Z Z I**
**& B E N D E S K Y** PC
T R I A L   L A W Y E R S

| | | |
|---|---|---|
| DELAWARE COUNTY OFFICE | ONE LIBERTY PLACE, 52ND FLOOR | NEW JERSEY OFFICE |
| 20 WEST THIRD STREET | 1650 MARKET STREET | 8000 SAGEMORE DRIVE |
| P.O. BOX 1670 | PHILADELPHIA, PA 19103 | SUITE 8303 |
| MEDIA, PA 19063 | VOICE 215.496.8282 | MARLTON, NJ 08053 |
| VOICE 610.627.9777 | FAX 215.496.0999 | VOICE 856.751.8383 |
| FAX 610.627.9787 | | FAX 856.751.0868 |

DAVID J. LANGSAM
DIRECT LINE: 215-575-2958
DLANGSAM@SMBB.COM

MONTGOMERY COUNTY OFFICE
120 GIBRALTAR RD
SUITE 218
HORSHAM, PA 19044
VOICE 215.496.8282
FAX 215.754.4443

June 15, 2022

**VIA FEDERAL EXPRESS**

Link Electric & Safety Control Co.
444 McNally Drive
Nashville, TN  37211

>       **Re:**   ***Jerome Long v. Link Electric & Safety Control Co., et al.***
>               ***Philadelphia Court of Common Pleas, May Term, 2022, No. 001892***

Dear Sir or Madam:

　　Enclosed please find the Civil Action Complaint filed in the Philadelphia County Court of Common Pleas on May 19, 2022, naming you as a Defendant in this matter.  Please forward this document onto your legal representative for further handling.

　　Thank you for your attention to this matter.

　　　　　　　　　　Very truly yours,

　　　　　　　　　　SALTZ MONGELUZZI & BENDESKY P.C.

　　　　　　　　　　*/s/ David J. Langsam*
　　　　　　　　　　　DAVID J. LANGSAM, ESQUIRE

DJL/had
Enclosure

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| **MAY 2022**    **001892** |
| E-Filing Number: 2205039846 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| JEROME LONG | LINK ELECTRIC & SAFETY CONTROL CO. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 115 POND STREET<br>BRISTOL PA 19007 | 444 MCNALLY DRIVE<br>NASHVILLE TN 37211 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | MANSFIELD ENGINEERED COMPONENTS |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 1776 HARRINGTON MEMORIAL ROAD<br>MANSFIELD OH 44903 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | BRENNER TOOL & DIE, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 921 CEDAR AVENUE<br>CROYDEN PA 19021 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 6 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 2O - PERSONAL INJURY - OTHER |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED<br>PRO PROTHY**<br>MAY **19** 2022<br>**S. RICE** | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES          NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: JEROME LONG

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| ROBERT J. MONGELUZZI | ONE LIBERTY PLACE 52ND   FLOOR<br>1650 MARKET ST.<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)496-8282 | (215)496-0999 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 36283 | VSmith@smbb.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *ROBERT MONGELUZZI* | Thursday, May 19, 2022, 03:57 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. LINK ELECTRIC & SAFETY CONTROL CO.
   444 MCNALLY DRIVE
   NASHVILLE TN 37211
2. MANSFIELD ENGINEERED COMPONENTS
   1776 HARRINGTON MEMORIAL ROAD
   MANSFIELD OH 44903
3. BRENNER TOOL & DIE, INC.
   921 CEDAR AVENUE
   CROYDEN PA 19021
4. JOHN DOE 1
   1650 MARKET ST FL 52
   PHILADELPHIA PA 19103
5. JOHN DOE 2
   1650 MARKET ST FL 52
   PHILADELPHIA PA 19103
6. JOHN DOE 3
   1650 MARKET ST FL 52
   PHILADELPHIA PA 19103

**SALTZ MONGELUZZI & BENDESKY P.C.**
BY: ROBERT J. MONGELUZZI/ DAVID L.
KWASS/DAVID J. LANGSAM/GREGORY R.
KISS
IDENTIFICATION NOS.
36283/65856/308764/324993
1650 MARKET STREET, 52ND FLOOR
PHILADELPHIA, PA  19103
(215) 496-8282

ATTORNEYS FOR
PLAINTIFFS

*Filed and Attested by the
Office of Judicial Records
19 MAY 2022 03:37 pm
S. RICE*

| | |
|---|---|
| **JEROME LONG**<br>115 Pond Street<br>Bristol, PA 19007<br>*Plaintiff*<br><br>v.<br><br>**LINK ELECTRIC & SAFETY CONTROL CO.**<br>444 McNally Drive<br>Nashville, TN 37211<br>And<br>**MANSFIELD ENGINEERED COMPONENTS**<br>1776 Harrington Memorial Road<br>Mansfield, OH 44903<br>And<br>**BRENNER TOOL & DIE, INC.**<br>921 Cedar Avenue<br>Croyden, PA 19021<br>And<br>**JOHN DOE 1**<br>And<br>**JOHN DOE 2**<br>And<br>**JOHN DOE 3**<br>*Defendants.* | **PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br>LAW DIVISION**<br><br><br>**MAY TERM, 2022**<br><br>**NO.:**<br><br><br>**JURY TRIAL DEMANDED** |

Case ID: 220501892

| "NOTICE | "AVISO |
|---|---|
| "You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgement may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | "Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las páginas siguientes, tiene veinte (20) días, a partir de recibir esta demanda y la notificación para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea avisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir culquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted. |
| "YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PARGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL.  ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO. |
| THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. | SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO. |
| PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL and INFORMATION SERVICE One Reading Center Philadelphia, Pennsylvania 19107 (215) 238-1701" | ASSOCIACION DE LICENDIADOS DE FILADELFIA SERVICO DE REFERENCA E INFORMACION LEGAL One Reading Center Filadelfia, Pennsylvania 19107 Telefono: (215) 238-1701" |

## COMPLAINT – CIVIL ACTION

1.      Plaintiff, Jerome Long, is an adult individual and citizens of the Commonwealth of Pennsylvania, residing at the above-captioned address.

2.      Link Electric & Safety Control Co. ("Link Electric"), is a business entity organized and existing under the laws of Tennessee with its principal place of business at the above-captioned address.

3.      At all relevant times, Link Electric has carried out, and continues to carry out, substantial, continuous and systematic business activities in Pennsylvania and Philadelphia County specifically.

4.      At all relevant times, Link Electric was acting by and through its employees, servants, and agents, acting within the course and scope of their employment, service and agency.

5.      Mansfield Engineered Components ("Mansfield"), is a business entity organized and existing under the laws of Ohio with a registered agent located at the above-captioned address.

6.      At all relevant times, Mansfield has carried out, and continues to carry out, substantial, continuous and systematic business activities in Pennsylvania and Philadelphia County specifically.

7.      At all relevant times, Mansfield was acting by and through its employees, servants, and agents, acting within the course and scope of their employment, service and agency.

8.      Brenner Tool & Die, Inc. ("Brenner"), is a business entity organized and existing under the laws of Pennsylvania with a principal place of business at the above-captioned address.

9.      At all relevant times, Brenner has carried out, and continues to carry out, substantial, continuous and systematic business activities in Pennsylvania and Philadelphia County specifically.

10.     At all relevant times, Brenner was acting by and through its employees, servants, and agents, acting within the course and scope of their employment, service and agency.

11.     Defendant, John Doe 1 is an unknown individual, business entity, or government organization that designed, manufactured, sold and/or distributed the press and its components which injured Mr. Long.  The identity of this individual or entity is not known to the Plaintiff who consequently sues this Defendant by its fictitious name. Plaintiff will seek leave to amend this Complaint to state the true names and capacities of this fictitiously named Defendant when it has been ascertained.

12.     Defendant, John Doe 2 is an unknown individual, business entity, or government organization that installed, inspected, repaired, tested and/or maintained the press and its

components which injured Mr. Long.  The identity of this individual or entity is not known to the Plaintiff who consequently sues this Defendant by its fictitious name. Plaintiff will seek leave to amend this Complaint to state the true names and capacities of this fictitiously named Defendant when it has been ascertained.

13.     Defendant, John Doe 3 is an unknown individual, business entity, or government organization that was responsible for the development and/or implementation of safety policies and procedures for machine inspections and maintenance as well as the work being performed at the incident site where Mr. Long was injured.  The identity of this individual or entity is not known to the Plaintiff who consequently sues this Defendant by its fictitious name. Plaintiff will seek leave to amend this Complaint to state the true names and capacities of this fictitiously named Defendant when it has been ascertained.

14.     At all relevant times, John Doe 1, John Doe 2 and John Doe 3 have carried out, and continue to carry out, substantial, continuous and systematic business activities in Pennsylvania and Philadelphia County specifically.

15.     At all relevant times, John Doe 1, John Doe 2 and John Doe 3 were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency, service and/or employment with Defendants.

16.     At all times material hereto, Defendants John Does purposely established significant contacts in Pennsylvania, carried out, and continue to carry out, substantial, continuous and systematic business activities in Pennsylvania and regularly conduct business in Philadelphia County.

17.     On October 13, 2021, Jerome Long was working as a lawful business invitee at a machine shop located at 913 Cedar Avenue, Croydon, PA 19021.

18.     Brenner, John Doe 1, John Doe 2 and John Doe 3 owned, controlled, operated, supervised, inspected, maintained and/or oversaw the machine shop located at 913 Cedar Avenue in Croyden as well as the manufacturing work performed at that location.

19.     At the above time and place, Mr. Long was attempting to use a 110T Cleveland Press to manufacture a part.

20.     At some time before October 13, 2021, the press had been equipped with a press brake (Model SS-501, Serial No. 6664) intended to stop the press' rotation cycle.

21.     At some time before October 13, 2021, the press had been equipped with a light curtain (Model LL-MAX-18-AS, Serial No. 2228) intended to function as an interlock device to protect machinists like Mr. Long.

22.     At some time before October 13, 2021, Link Electric, Mansfield, John Doe 1, John Doe 2 and/or John Doe 3 designed, manufactured, tested, marketed, sold and/or distributed the press, the press brake and the press light curtain.

23.     At some time before October 13, 2021, Link Electric, Mansfield, John Doe 1, John Doe 2 and/or John Doe 3 sold and delivered to Brenner, John Doe 1, John Doe 2 and/or John Doe 3 the press, press brake and press light curtain that injured Mr. Long.

24.     At the above time and place, Mr. Long was catastrophically and permanently injured when the press unexpectedly crushed and traumatically amputated fingers on his left hand.

25.     By virtue of its design, manufacture, installation and/or maintenance, the press, press brake and press light curtain were susceptible to failure and unexpected press operation.

26.     By virtue of its design, manufacture, installation and/or maintenance, the press, press brake and press light curtain were incapable of stopping or de-energizing the press to ensure the safety of those working with or around the press.

Case ID: 220501892

27.     Brenner, John Doe 1, John Doe 2 and John Doe 3 did not develop, implement or otherwise require the development and implementation of policies and procedures to ensure the safety of personnel on site, including Mr. Long.

28.     As a result of Defendants' conduct and products, Jerome Long suffered serious, severe, disability, and catastrophic injuries, including, but not limited to:

- multiple finger amputations on the left hand;
- left hand injury;
- mental and emotional pain and suffering;
- chronic physical pain, suffering and loss of life's pleasures, past, present and future;
- loss of performing his usual duties and activities;
- loss of earnings and wages and loss of earnings capacity, past, present and future;
- hospital, medical and rehabilitation expenses past, present and future, including medical equipment, supplies and other medical care and treatment;
- other psychological, psychiatric, neurological injuries, the full extent of which is yet to be determined and some or all of which may be permanent in nature; and
- scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on his ability to engage in normal activities and pleasures of life.

29.     Defendants are jointly and severally liable for Plaintiffs' injuries.

**COUNT I**
**PLAINTIFF v. BRENNER, JOHN DOE 1, JOHN DOE 2 AND JOHN DOE 3**

30.     All preceding paragraphs in this Complaint are incorporated here.

31.    At all relevant times, Brenner, John Doe 1, John Doe 2 and John Doe 3, directly or indirectly, through themselves or through their agents, brokers, servants and/or employees, managed, maintained, supervised, controlled, oversaw and/or possessed the premises, press, press brake and press light curtain located at 913 Cedar Avenue, Croydon, PA 19021.

32.    At all relevant times, Brenner, John Doe 1, John Doe 2 and John Doe 3 owed a duty to provide a safe work environment for the persons working on the property.

33.    At all relevant times, Brenner, John Doe 1, John Doe 2 and John Doe 3 owed a non-delegable duty to inspect, repair, and maintain their premises and equipment in a reasonably safe condition.

34.    At all relevant times, Brenner, John Doe 1, John Doe 2 and John Doe 3 owed a non-delegable duty to develop, implement and/or ensure the implementation of safe work practices and procedures.

35.    In addition to the averments set forth above, Defendants' conduct caused Mr. Long's injuries in the following respects:

(a)    failing to provide proper training and education to assure safe use of the press, press brake and press light curtain;

(b)    failure to conduct a pre-work hazard and risk assessment;

(c)    failing to discuss and analyze the work to ensure safe installation, use, operation and maintenance of the press, press brake and press light curtain;

(d)    failing to provide a safe working environment free from unseen dangers and hazards;

(e)    failing to adequately inspect, repair and maintain the press, press brake and press light curtain;

(f)     failing to ensure that personnel could not be exposed to moving press parts;

(g)     disabling and/or bypassing the press interlock device(s);

(h)     failing to take corrective action when aware of the disabled and/or bypassed press interlock device(s);

(i)     failing to instruct personnel of known dangers of using, operating and maintaining the press;

(j)     failing to ensure or otherwise limit access to the press to those competent and qualified to use, operator, inspect and/or maintain the press;

(k)     requiring or otherwise permitting work in proximity to energized, unguarded and/or moving parts;

(l)     failing to conduct safety talks and instructions regarding the safe use, operation, inspection and/or maintenance of the press, press brake and press light curtain;

(m)     failing to train press users, operators, inspectors and maintenance personnel to work in accordance with state and federal regulations;

(n)     failing to conduct adequate inspections of the press, press brake and press light curtain;

(o)     failing to inspect the press, press brake and press light curtain;

(p)     failing to maintain the press, press brake and press light curtain in proper operating condition;

(q)     failing to follow state and federal laws and regulations, and standard industry practice regarding press, press brake and press light curtain installation, use, operation, inspections and maintenance;

Case ID: 220501892

(r)    failing to utilize trained and qualified individuals to install, inspect, repair and maintain the press, press brake and press light curtain;

(s)    requiring and/or permitting personnel to use the press, press brake and press light curtain in an improper manner;

(t)    requiring and/or permitting personnel to use the press, press brake and press light curtain in such a manner so as to violate applicable rules and regulations;

(u)    failing to recognize foreseeable hazards associated with the absence of guards, interlocks, emergency stops, and foreign object sensors on the press;

(v)    failing to fit-out the press with functioning guards, interlocks, emergency stops and foreign object sensors;

(w)    failing to fit-out the press with an adequate or appropriate lock-out/tag-out;

(x)    failing to train all workers or ensure the training of all workers in recognizing foreseeable hazards associated with the operation of machinery generally, and the press in particular;

(y)    failing to perform or ensure the performance of machine safety inspections;

(z)    failing to perform or ensure the performance of machine safety training;

(aa)    failing to develop, publish, and enforce procedures for the safe operation and maintenance of machinery generally, and the press in particular;

(bb)    failing to ensure the development, publication, and enforcement of procedures for the safe installation, operation, use, inspection and maintenance of machinery generally, and the press in particular;

Case ID: 220501892

(cc)    developing and permitting a work practice which exposed personnel to dangerous conditions;

(dd)    failing to ensure all manufacturer warnings were clearly displayed and visible on the press at all times;

(ee)    instructing or permitting the press to be operated in a manner so as to violate the applicable OSHA and ANSI rules and regulations;

(ff)    violating 29 CFR 1910.147;

(jj)    breaching their duties under the Restatement of the Law of Torts (Second), including §343 and 343A;

(kk)    failing to hire or designate a supervisor or manager charged with machine safety;

(ll)    hiring or designating an inadequate or incompetent supervisor or manager charged with machine safety;

(mm)   failing to warn people such as Mr. Long, about the dangers of working on or around the press; and

(nn)    failing to warn people such as Mr. Long about the dangers of working on or around the press when it was not properly de-energized.

36.    By reason of the Defendants' conduct, Mr. Long sustained serious and permanent disabling personal injuries as set forth above.

37.    By conducting themselves as set forth above, Defendants' acts and/or omissions were a substantial factor in, a factual cause of, and/or increased the risk of Mr. Long's damages.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

Case ID: 220501892

**COUNT II**
**PLAINTIFF v. LINK ELECTRIC, MANSFIELD, JOHN DOE 1, JOHN DOE 2 AND JOHN DOE 3**

38.     All preceding paragraphs in this Complaint are incorporated here.

39.     Defendants designed, manufactured, tested, marketed, distributed and sold the press, press brake and press light curtain.

40.     Defendants' conduct caused Mr. Long's injuries in the following respects:

(a)     failing to design and/or utilize proper designs or procedures for the manufacture, testing, assembly, sale, and distribution of the press, press brake and press light curtain;

(b)     designing, assembling, manufacturing, testing, selling, supplying and distributing a product in a defective condition;

(c)     designing, assembling, manufacturing, testing, selling, supplying and distributing a product that was unreasonably dangerous;

(d)     designing, assembling, manufacturing, testing, selling, supplying and distributing a product which was not reasonably fit, suitable or safe for its intended and represented purpose;

(e)     designing, assembling, manufacturing, testing, selling, supplying and distributing a product which lacked all necessary safety features;

(f)     designing, assembling, manufacturing, testing, selling, supplying and distributing a product which could be designed more safely;

(g)     designing, assembling, manufacturing, testing, selling, supplying and distributing a product without appropriate safety devices;

(h)      failing to adequately and properly test said product after its design and/or assembly under reasonably foreseeable circumstances;

(i)      failing to have adequate warnings on the product;

(j)      failing to ensure that all warnings were clearly and legibly displayed at the time of sale;

(k)      failing to provide adequate warnings and instructions with the product;

(l)      failing to warn of the hazards associated with operation, inspection and/or maintenance of a press, press brake and/or press light curtain lacking guards, interlocks, emergency stops, and foreign object sensors;

(m)      failing to anticipate that personnel would fail to recognize and appreciate the hazards associated with operation of a press, press brake and/or press light curtain lacking guards, interlocks, emergency stops, and foreign object sensors;

(n)      failing to incorporate adequate guards and/or interlocks over all moving parts of the press;

(o)      failing to investigate, retain, and analyze prior accident information in order to warn and/or notify personnel of product defects and injuries;

(p)      failing to design, manufacture and equip the press, press brake and press light curtain with an emergency system;

(q)      failing to design and/or install a functioning interlock to prevent operation when guards were not in place;

(r)      failing to design and equip the press, press brake and/or press light curtain with reliable and defect free foreign object sensors to detect the presence of a foreign object in a moving part and shut the press down;

(s)      failing to design and test warnings to be placed on the press, press brake and press light curtain and in associated literature that were adequate to ensure safe operation, inspection and/or maintenance of the press, press brake and press light curtain;

(t)      failing to properly test the component parts of the press, press brake and press light curtain after its manufacture and prior to sale;

(u)      failing to include proper instructions for operation, inspection and maintenance of the press, press brake and press light curtain;

(v)      failing to adequately inform and/or warn personnel or ultimate users of the press, press brake and press light curtain as to the proper procedures for operating, inspecting and maintaining the press, press brake and press light curtain;

(w)      failing to adequately inform and/or warn personnel or ultimate users of the press, press brake and press light curtain as to the proper procedures for repairing the press, press brake and press light curtain;

(x)      designing and manufacturing the press, press brake and press light curtain and its components knowing it was unreasonably dangerous;

(y)      failing to recall the press, press brake and press light curtain from the purchaser and/or ultimate users;

(z)      failing to remove the press, press brake and press light curtain from the marketplace;

(aa)      failing to provide training and instruction to those who defendants knew, or in the exercise of reasonable care should have known, would be operating, inspecting and/or performing maintenance and service on the press, press brake and press light curtain;

(bb)      failing to design and install integral, non-removable guards on the press;

(cc)   failing to design and install an integral, non-removable and non-bypassable interlock on the press, press brake and press light curtain;

(dd)   failing to establish a "train the trainer" program to systematically educate the industry in the importance of guards and proper operating procedures;

(ee)   failing to install guards, interlocks, emergency shut-offs, and foreign object sensors during the warranty period; and

(ff)   failing to issue service bulletins identifying new safety features, and recommending retro-fits for presses, press brakes and press light curtains.

41.   By reason of the Defendants' conduct, Mr. Long sustained serious and permanent disabling personal injuries as set forth above.

42.   By conducting themselves as set forth above, Defendants' acts and/or omissions were a substantial factor in, a factual cause of, and/or increased the risk of Mr. Long's damages.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

### COUNT III
### PLAINTIFF v. LINK ELECTRIC, MANSFIELD, JOHN DOE 1, JOHN DOE 2 AND JOHN DOE 3

43.   All preceding paragraphs in this complaint are incorporated here.

44.   Defendants are in the regular business of designing, assembling, manufacturing, distributing, selling and/or supplying equipment such as the presses, press brakes and press light curtains and its component parts.

45.     Defendants marketed and/or placed the presses, press brakes and press light curtains and its component parts into the general stream of commerce.

46.     The presses, press brakes and press light curtains and its component parts were distributed, sold and/or supplied by Defendants in a defective condition because of its unsafe and improper construction and design, manufacture and testing and its inadequate warnings and instructions.

47.     The presses, press brakes and press light curtains and its component parts were expected to and did reach the market and end user without substantial change in the condition in which it was designed, assembled, manufactured, distributed, sold and/or supplied by Defendants.

48.     At all relevant times, the presses, press brakes and press light curtains and its component parts were used and employed for the purpose for which they were designed and manufactured, and were used in a foreseeable manner.

49.     The presses, press brakes and press light curtains and its component parts were in a defective condition as: (1) the dangers associated therewith were unknowable and unacceptable to the average or ordinary consumer; and/or (2) a reasonable person would conclude that the probability and seriousness of the harm caused by the presses, press brakes and press light curtains and its components parts outweigh the burden or costs of taking precautions.

50.     The press', press brake's and press light curtain's and its component parts' defective condition(s) were a cause of Mr. Long's injuries.

51.     Defendants are strictly liable to Plaintiff for the injuries and damages suffered.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

Case ID: 220501892

Respectfully submitted,

SALTZ MONGELUZZI & BENDESKY  P.C.


BY: /s/ *David J. Langsam*
       ROBERT J. MONGELUZZI, ESQ.
       DAVID L. KWASS, ESQ.
       DAVID J. LANGSAM, ESQ.
       GREGORY R. KISS, ESQ.
       Attorneys for Plaintiff,
       Jerome Long

Dated: May 19, 2022

Case ID: 220501892

DocuSign Envelope ID: F2653A93-98A9-42E2-8D51-22C64FD19735

# **VERIFICATION**

The averments or denials of fact contained in the foregoing are true based upon the signer's personal knowledge or information and belief.  If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true.  This Verification is made subject to the penalties of the 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

JEROME LONG

Date: 5/19/2022

# EXHIBIT B

(Official Form 1) (12/02)

| FORM B1 | **United States Bankruptcy Court**<br>**Eastern District of Pennsylvania** | **Voluntary Petition** |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Brenner Tool & Die, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Soc. Sec./Tax I.D. No. (if more than one, state all):<br>**23-1733575** | Soc. Sec./Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**921 Cedar Avenue**<br>**Croydon, PA 19021** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business:   **Bucks** | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

### Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)
- ■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which**<br>**the Petition is Filed** (Check one box) | |
|---|---|---|---|
| ☐ Individual(s) | ☐ Railroad | ☐ Chapter 7  ☐ Chapter 11  ☐ Chapter 13 | |
| ■ Corporation | ☐ Stockbroker | ☐ Chapter 9  ☐ Chapter 12 | |
| ☐ Partnership | ☐ Commodity Broker | ☐ Sec. 304 - Case ancillary to foreign proceeding | |
| ☐ Other_____ | ☐ Clearing Bank | | |

| **Nature of Debts** (Check one box) | **Filing Fee** (Check one box) |
|---|---|
| ☐ Consumer/Non-Business    ■ Business | ■ Full Filing Fee attached |
| **Chapter 11 Small Business** (Check all boxes that apply) | ☐ Filing Fee to be paid in installments (Applicable to individuals only.) |
| ☐ Debtor is a small business as defined in 11 U.S.C. § 101 | Must attach signed application for the court's consideration |
| ☐ Debtor is and elects to be considered a small business under<br>11 U.S.C. § 1121(e) (Optional) | certifying that the debtor is unable to pay fee except in installments.<br>Rule 1006(b). See Official Form No. 3. |

| **Statistical/Administrative Information** (Estimates only) | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ■ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ | ■ | ☐ |

| Estimated Assets | $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ |

| Estimated Debts | $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ |

FILED
2003 APR -2 AM 9: 30
U.S. BANKRUPTCY COURT

(Official Form 1) (12/02)

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Brenner Tool & Die, Inc.** | **FORM B1, Page 2** |
|---|---|---|

| **Prior Bankruptcy Case Filed Within Last 6 Years** (If more than one, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed: **- None -** | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

X _____
Signature of Attorney
Signature of Attorney for Debtor(s)
**Steven D. Usdin 36381**
Printed Name of Attorney for Debtor(s)
**Adelman Lavine Gold and Levin, P.C.**
Firm Name
**1900 Two Penn Center Plaza**
**Philadelphia, PA 19102-1799**
Address
**215-568-7515**
Telephone Number
*March 28, 2003*
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.
The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual
**John Brenner, Sr.**
Printed Name of Authorized Individual
**President**
Title of Authorized Individual
*3/28/03*
Date

**Exhibit A**
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**
(To be completed if debtor is an individual whose debts are primarily consumer debts)
I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____
Signature of Attorney for Debtor(s)       Date

**Exhibit C**
Does the debtor own or have possession of any property that poses a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☑ No

**Signature of Non-Attorney Petition Preparer**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

## CERTIFICATE OF RESOLUTIONS

The undersigned _Vice President_ of Brenner Tool & Die, Inc., a Pennsylvania corporation (the "Corporation"), hereby certifies that the following is a true and correct copy of resolutions duly adopted at a special meeting of the Directors of the Corporation on _March 28, 2003_, and that said resolutions have not been modified or rescinded, and are still in full force and effect on the date hereof:

**RESOLVED,** that, in the judgment of the Directors, it is desirable and in the best interests of the Corporation that the Corporation commence a Chapter 11 case by filing a voluntary petition seeking reorganization under the provisions of Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"); and

**RESOLVED,** that the appropriate officers of the Corporation be, and each hereby is, authorized and empowered on behalf of, and in the name of, the Corporation to execute and verify or certify a petition under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") at such time as said authorized officer executing the same shall determine; and

**RESOLVED,** that John Brenner, Jr. shall be designated Vice President of Bankruptcy Operations of the Corporation, and is hereby authorized and empowered on behalf of, and in the name of, the Corporation to execute and file all petitions, schedules, lists, and other papers and to take any and all action that he may deem necessary, proper or desirable in connection with the Chapter 11 case, with a view to the successful prosecution of the case; and

**RESOLVED,** that the John Brenner, Jr. be and hereby is authorized and empowered on behalf of, and in the name of, the Corporation to execute a plan of reorganization under Chapter 11 of the Bankruptcy Code, including any and all modifications, supplements, and amendments thereto, and to cause the same to be filed with the Bankruptcy Court at such time as said authorized officer executing the same shall determine; and

**RESOLVED,** that the law firm of Adelman Lavine Gold and Levin, a Professional Corporation be, and it hereby is, employed as general bankruptcy counsel for the Corporation under an advance payment retainer; and

**RESOLVED,** that the consulting firm of Sherman Lavalle & Associates, LLC is to be employed as financial advisors and consultants for the Corporation under an advance payment retainer; and

**RESOLVED,** that John Brenner, Jr. is hereby authorized and empowered on behalf of, and in the name of, the Corporation to retain and employ other attorneys, investment bankers, accountants, restructuring professionals, appraisers, brokers,

financial advisers and other professionals to assist in the Corporation's Chapter 11 case on such terms as are deemed necessary, proper or desirable; and

**RESOLVED,** that in connection with the commencement of the Chapter 11 case by the Corporation, that John Brenner, Jr. be and hereby is authorized and empowered on behalf of, and in the name of, the Corporation, to negotiate, execute and deliver a debtor-in-possession loan facility and/or agreements for the use of cash collateral (including, in connection therewith, such notes, security agreements and other agreements or instruments as such officers consider appropriate) on such terms and conditions as such officer executing the same may consider necessary, proper or desirable, such determination to be conclusively evidenced by such execution or the taking of such action, and to consummate the transactions contemplated by such agreements or instruments on behalf of the Corporation; and

**RESOLVED,** that John Brenner, Jr. hereby is authorized and empowered to cause the Corporation to enter into, execute, deliver, certify, file and/or record, and perform, such agreements, instruments, motions, affidavits, applications for approvals or filing of governmental or regulatory authorities, certificates and other documents, and to take such other actions, as in the judgment of such officer shall be or become necessary, proper and desirable to prosecute to a successful completion the Chapter 11 case, to effectuate the restructuring of the debt, other obligations, organizational form and structure and ownership of the Corporation consistent with the foregoing resolutions and to carry out and put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and

**RESOLVED,** that any and all past actions heretofore taken by officers and directors of the Corporation in the name of and on behalf of the Corporation in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, approved and adopted in their entirety.

**IN WITNESS WHEREOF,** I have hereunto set my hand this 28th day of March, 2003.

By: _John Brenner_

**BRENNER TOOL & DIE, INC.**

**TOP 20 UNSECURED CREDITOR CLAIMS**

**MARCH 28, 2003**

| VENDOR | STREET ADDRESS | CITY | STATE | ZIP | APPROXIMATE AMOUNT |
|---|---|---|---|---|---|
| G.E. POWER SYSTEMS | 300 Garlington Road | Greenville | SC | 29602 | 700,000 |
| BROKERAGE CONCEPTS | 1021 West Eighth Avenue | King Of Prussia | PA | 19406 | 295,445 |
| INTERGRIS MEDALS | 161 The West Mall | Etobicoke | ON - Canada | M9CAV8 | 237,230 |
| YARDE MEDALS | 45 Newell Street | Southington | CT | 06489 | 233,145 |
| REX HEAT TREATING | P.O. Box 270 | Lansdale | PA | 19446 | 213,580 |
| PECO ENERGY | 2301 Market Street | Philadelphia | PA | 19101 | 212,376 |
| THOMAS PUBLISHING | P.O. Box 29284 | New York | NY | 10087 | 180,606 |
| MAGPARTS | 1545 Roosevelt Street | Azusa | CA | 91702 | 166,848 |
| WOODBINE INDUSTRIES | 1574 Bridgewater Road | Bensalem | PA | 19020 | 141,360 |
| AMERICAN EXPRESS | P.O. Box 1270 | Newark | NJ | 07101 | 128,005 |
| STRAUB METALS INTL | P.O. Box 951608 | Dallas | TX | 75395 | 124,972 |
| UNIVERSAL ALLOY CORPORATION | P.O. Box 951501 | Dallas | TX | 75395 | 113,400 |
| EDM SALES | 985 Ball Avenue P.O. Box 3879 | Union | NJ | 07083 | 104,262 |
| WOLVERINE BRONZE | 28178 Hayes Road | Roseville | MI | 48066 | 102,855 |
| CHANG CHENG SUZAKI MACHINE | West Beijing Road | Yinchuan, Nigxia | CHINA | | 102,386 |
| BUCKS COUNTY WATER & SEWER | P.O. Box 8457 | Philadelphia | PA | 19401 | 98,039 |
| ALJO-GEFA PRECISION MFG | 205 Sweet Hollow Road | Old Bethpage | NY | 11804 | 95,214 |
| EXELON ENERGY COMPANY | P.O. Box 13595 | Philadelphia | PA | 19101 | 76,040 |
| PHILADELPHIA SUBURBAN WATER | P.O. Box 41519 | Philadelphia | PA | 19101 | 70,664 |
| IKO INTERNATIONAL | Fox Hill Industrial Park P.O. Box 5897 | Parsippany | NJ | 07054 | 67,146 |

3/28/2003 4:17 PM

## **List of Parties Claiming an interest in Cash Collateral**

Wachovia Corporation
301 South College Street Suite 4000
One Wachovia Center
Charlotte, North Carolina 28288-0013

Wachovia Corporation
c/oDonald M. Harrison, Esquire
Klehr, Harrison, Harvey,
Branzburg & Ellers LLP
260 South Broad Street
Philadelphia, PA 19102

GE Capital
c/oJames M. Smith, Esquire
Gebhardt & Smith LLP
401 E. Pratt Street, 9th Floor
Baltimore, MD  21202

Commerce Bank
c/oSteven M. Miller, Esquire
Blank Rome Comisky & McCauley, LLP
One Logan Square
Philadelphia, PA 19103-7598

List of Equity Security Holders

| Security holder | Address | Ownership interest |
|---|---|---|
| Sebastian Jacob Brenner | 921 Cedar Avenue<br>Croydon, PA 19021 | 52% |
| John Brenner, Sr. | 921 Cedar Avenue<br>Croydon, PA 19021 | 24% |
| Joseph Brenner | 921 Cedar Avenue<br>Croydon, PA 19021 | 24% |

# EXHIBIT C

JAN-01-1996  00:03                                                           P.02/04

**OFFICE OF THE UNITED STATES TRUSTEE - REGION 3**
**POST-CONFIRMATION QUARTERLY SUMMARY REPORT**
                    FINAL REPORT TO CLOSE CASE

This report is to be submitted for all bank accounts that are presently maintained by the post confirmation debtor.

| | | | |
|---|---|---|---|
| Debtor's Name | Brenner Tool & Die, Inc. | Bank: | Citizens Bank |
| Bankruptct Number: | 03-15070 BIF | Account Number: | 620355-674-6 |
| Date of Confirmation: | October 23, 2003 | Account Type: | Business Checking Operating Account |

Reporting Period (month/year): _January / 2005_ and up to 2-8-05   (FINAL REPORT)

Beginning Cash Balance:                          $980,169.80

All receipts received bt the debtor:

　　　　Cash Sales:

　　　　Collection of Receivables, refunds and utility reimbursements     $51,806.16

　　　　Proceeds from Litigation

　　　　Sale of debtor Assets (Equipment & Inventory) *900 Hiller Ave*    $182,384.21

　　　　Capital Infusion pursuant to the Plan

　　　　Total cash Received                        239,190.37

Total of cash available:                                         $1,219,355.17

　　　　Disbursements made under the plan, excluding the adminstrative
　　　　　　claims of bankruptcy professionals:       $14,970.09

　　　　Disbursements made pursant to the adminstrative claims of
　　　　　　bankruptcy professionals:                 $57,186.33

　　　　All other disbursements made in the ordinary
　　　　　　course:

　　　　Total Disbursements                                      $72,156.42

Ending Cash Balance                                             $1,142,198.75

Pursuant to 28 U.S.C. Section 1746(2),I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

_Joseph K. Brenner_

2-8-05                Joe Brenner, President
Date                  Name/Title

Debtor:　Brenner Tool & Die, Inc.

JAN-01-1996  00:01                                                      P.03/04

## OFFICE OF THE UNITED STATES TRUSTEE - REGION 3
## POST-CONFIRMATION QUARTERLY SUMMARY REPORT

This report is to be submitted for all bank accounts that are presently maintained by the post confirmation debtor.

Debtor's Name          Brenner Tool & Die, Inc.    Bank:             Citizens Bank

Bankruptct Number:     03-15070 BIF                Account Number:   620355-674-6

Date of Confirmation:  October 23, 2003            Account Type:     Business Checking
                                                                     Operating Account

Reporting Period (month/year):  *Second Quarter 2005*

      Beginning Cash Balance:                          $568,786.94

All receipts received bt the debtor:

      Cash Sales:                                      _____

      Collection of Receivables, refunds and utility reimbursements   $24,641.00

      Proceeds from Litigation                         _____

      Sale of debtor Assets (Equipment & Inventory)    _____

      Capital Infusion pursuant to the Plan            _____

      Total cash Received                              $24,641.00

Total of cash available:                                            $593,427.94

      Disbursements made under the plan, excluding the adminstrative claims of bankruptcy professionals:   $68,556.81

      Disbursements made pursuant to the administrative claims of bankruptcy professionals:   $81,438.87

      All other disbursements made in the ordinary course:   _____

      Total Disbursements                                              $149,985.68

Ending Cash Balance                                                  $443,432.26

Pursuant to 28 U.S.C. Section 1746(2),I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

*Joseph K. Brenner .*
Joe Brenner, President
Name/Title

5-25-05
Date

Debtor:    Brenner Tool & Die, Inc.

bankruptcy schedule - post conf.xls

JAN-01-1996  00:04                                                    P.09/11

## OFFICE OF THE UNITED STATES TRUSTEE - REGION 3
## POST-CONFIRMATION QUARTERLY SUMMARY REPORT

This report is to be submitted for all bank accounts that are presently maintained by the post confirmation debtor.

| | | | |
|---|---|---|---|
| Debtor's Name | Brenner Tool & Die, Inc. | Bank: | Citizens Bank |
| Bankruptct Number: | 03-15070 BIF | Account Number: | 620355-674-6 |
| Date of Confirmation: | October 23, 2003 | Account Type: | Business Checking Operating Account |

Reporting Period (month/year):  *Third Quarter 2005*

Beginning Cash Balance:                                        *$443,432.26*

All receipts received bt the debtor:

    Cash Sales:                                                    _____

    Collection of Receivables, refunds and utility reimbursements   _____

    Proceeds from Litigation                                       _____

    Sale of debtor Assets (Equipment & Inventory)                  _____

    Capital Infusion pursuant to the Plan                          _____

    Total cash Received                                            _____

Total of cash available:                                          *0*

    Disbursements made under the plan, excluding the adminstrative
        claims of bankruptcy professionals:                      _____

    Disbursements made pursant to the administrative claims of
        bankruptcy professionals:                    *$63,548.20*

    All other disbursements made in the ordinary
        course:                                      *$3450.00*

    Total Disbursements                             *$66,998.20*

Ending Cash Balance                                *$376,434.06*

Pursuant to 28 U.S.C. Section 1746(2),I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

*Joseph X Brenner*

*11-13-05*                      Joe Brenner, President
Date                            Name/Title

Debtor:  Brenner Tool & Die, Inc.  _____

# EXHIBIT D

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                    :    Chapter 11
                                          :
BRENNER TOOL & DIE, INC.                  :
                                          :    Case No. 03-15070 BIF
                                          :

**ORDER SCHEDULING EXPEDITED HEARING ON DEBTOR'S
EMERGENCY MOTION FOR BIDDING PROCEDURES AND BREAKUP FEE
FOR SALE TO B-TEC SOLUTIONS, INC.**

AND NOW, this 14th day of _____ May _____, 2003, upon consideration of

the Debtor's Motion For Approval of Sale And Auction Procedures, Notice Procedures

And Cost/Reimbursement Break-Up Fee Provisions in Connection With Proposed Sale of

Assets (the "Motion"); it appearing that an expedited hearing is required; it is hereby

ORDERED that:

1.   A hearing shall be held to consider the relief requested in the Motion at

11:00 a.m. on May 28, 2003 in the United States Bankruptcy Court,

Courtroom Number 2, Robert N.C. Nix Building, 900 Market Street, 2nd Floor,

Philadelphia, PA  19107;

2.   Notice of the hearing date shall be given by the Debtor or its counsel to (i)

all parties to executory contracts (except for customer contracts) and unexpired leases

that the Debtor believes may be assumed and assigned to Buyer, (ii) all known entities

holding or asserting a security interest in or lien against any of the Assets, (iii) all taxing

authorities whose rights may be affected by the sale of the Assets, (iv) counsel to the

Creditors' Committee, (v) Office of the United States Trustee, (vi) counsel to GECC and

Wachovia Bank, and (vii) all parties that have requested notice pursuant to Bankruptcy

Rule 2002 within one (1) day of receipt of this Order; and

     3.    If notice is provided in the manner aforesaid, it shall be deemed to be

sufficient and proper for purposes of the Bankruptcy Code, the Federal Rules of

Bankruptcy Procedure and the Local Rules of this Court.


_____
BRUCE I. FOX
CHIEF UNITED STATES BANKRUPTCY JUDGE


With copies to:

Steven D. Usdin, Esquire
Adelman Lavine Gold and Levin
1900 Two Penn Center
Philadelphia, PA 19102

Kevin Callahan, Esquire
Office of the U.S. Trustee
601 Walnut Street, Room 950W
Philadelphia, PA 19106

Joseph K. Brenner, President
Brenner Tool & Die, Inc.
921 Cedar Avenue
Croydon, PA 19021

Donald M. Harrison, Esquire
Klehr, Harrison, Harvey, et al
250 S. Broad Street
Philadelphia, PA 19102

Alan R. Gordon, Esquire
Pelino & Lentz, P.C.
One Liberty Place, 32nd Floor
1650 Market Street
Philadelphia, PA 19103

Michael D. Nord, Esquire
Gebhardt & Smith LLP
401 E. Pratt Street, 9th Floor
Baltimore, MD  21202

Steven M. Miller, Esquire
Blank Rome Comisky & McCauley
One Logan Square
Philadelphia, PA 19103

John P. Koopman, Esquire
Begley, Carlin & Mandio LLP
680 Middletown Boulevard
Langhorne, Pa  19047

# EXHIBIT E

# United States Bankruptcy Court
### Eastern District of Pennsylvania

In re

BRENNER TOOL & DIE, INC.

                    Bankruptcy Case No. 03-15070F

**Debtor**

## FINAL DECREE

The estate of the above named debtor has been fully administered.

_____ The deposit required by the plan has been distributed

**IT IS ORDERED THAT:**

_____ _____
(name of trustee)

        is discharged as trustee of the estate of the above-named debtor and the bond is cancelled;

__X__ the chapter 11 case of the above-named debtor is closed; and

_____ [other provisions as needed]

12/23/05
_____
Date

_____
Bruce Fox, United States Bankruptcy Judge

# EXHIBIT F

| | |
|---|---|
| **From:** | Blakely Cherry |
| **To:** | Matthew Care |
| **Subject:** | Re: Jerome Long v. Brenner Tool & Die [IMAN-ACTIVE.FID652739] |
| **Date:** | Monday, July 11, 2022 10:59:56 AM |

Matthew,

Apologize, I was out of the office last week.

Right now the only council that is involved is engaged by our workers compensation firm.

Believe regardless, these are questions I can answer.

There is no common ownership of B-Tec Solutions & Brenner Tool & Die.

Brenner Tool & Die went bankrupt and the primary lender being GE Capital took possession of all the assets of Brenner Tool & Die.

When you say 913 Cedar Ave and 921 Cedar Ave, they are one and the same. It is one 161,000 square foot facility. Currently has 4 occupants, one being B-Tec Solutions.

Back in Brenner Tool & Die, they did occupy the entire 161,000 square foot building.

GE Capital backed the formation of B-Tec Solutions, providing the assets (and debt) to start the business.

Thanks,
Blake